Eastern District of Kentucky
F I L E D
NOV 0 3 2023
AT LEXINGTON
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

CRIMINAL ACTION NO. 6:23-CR-59-REW-HAI

| | |
|---|---|
| UNITED STATES OF AMERICA | PLAINTIFF |
| V.  PLEA AGREEMENT | |
| OMAR THOMAS WALA | DEFENDANT |

\* \* \* \* \*

1. Pursuant to Federal Rule of Criminal Procedure 11(c), the Defendant will enter a guilty plea to Counts 1 and 2 of the Information, charging a violation of 18 U.S.C. § 371, conspiracy to cause a drug to be a counterfeit drug and to sell and hold for sale counterfeit drugs, and a violation of 21 U.S.C. §§ 331(i) and 333(b)(8), knowingly causing the sale of a counterfeit drug. Pursuant to Rule 11(c)(1)(A), the United States will move at sentencing to dismiss the Indictment as to the Defendant in Case No. 6:22-CR-73-REW, unless the Defendant breaches this agreement. Pursuant to Rule 11(c)(1)(A), the United States will not bring additional charges against the Defendant based upon evidence in its possession at the time of the execution of this Agreement and arising out of the Defendant's conduct within the Eastern District of Kentucky, unless the Defendant breaches this Agreement.

2. The essential elements of Count 1 are:

   (a) First, that two or more persons conspired, or agreed, to commit the crime selling and holding for sale counterfeit drugs;

1

    (b) Second, that the defendant knowingly and voluntarily joined that conspiracy; and

    (c) Third, that a member of the conspiracy did one of the overt acts described in the Information for the purpose of advancing or helping the conspiracy.

3. The essential elements of Count 2 are:

    (a) First, the Defendant did an act that caused the sale of a drug;

    (b) Second, the drug bore the trademark, trade name, or other identifying mark, imprint, or device, or any likeness thereof, of a drug manufacturer other than the person or persons who in fact manufactured such drug and which thereby falsely purported or was represented to be the product of such other drug manufacturer; and

    (c) Third, the defendant acted knowingly in causing the sale of the counterfeit drug.

4. As to the Counts 1 and 2 of the Information, the United States could prove the following facts that establish the essential elements of the offenses beyond a reasonable doubt, and the Defendant admits these facts:

    (a) Beginning on or about May 27, 2017, the Defendant knowingly joined a conspiracy with others to manufacture, hold for sale, and to sell counterfeit drugs, to wit, counterfeit generic alprazolam pills, that continued through December 12, 2022.

    (b) The Defendant worked with co-conspirators, including Michael Basalyga, Philbert Campbell, Vienna Cavanaugh, Reina Chirinos de Urena and others, to manufacture, market, and distribute counterfeit generic alprazolam pills. As part of this conspiracy, the Defendant and his co-conspirators, without authorization, created pills stamped with the imprints "s903," (an imprint or identifying mark of Dava Pharmaceutical, Inc.), "b707," (an imprint or identifying mark of Breckenridge Pharmaceutical, Inc.), "G3722" (an imprint or identifying mark of Greenstone Limited) and "R039" (an imprint or identifying mark of Teva Pharmaceutical, Inc.), and that were designed to substantially replicate the appearance of alprazolam pills produced by the drug manufacturers. The

Defendant's conduct caused a loss to the various pharmaceutical companies who properly and legally market and sell alprazolam pills.

(b) The Defendant and his co-conspirators routinely used benzodiazepine-class drugs other than alprazolam to replicate the effects of alprazolam. These drugs include, but are not limited to, clonazolam and etizolam. These drugs were not controlled substances under the Controlled Substances Act at the time of the offenses, and they have no accepted medical use in the United States.

(d) The Defendant and his co-conspirators sold these counterfeit alprazolam pills to buyers throughout the United States, including in the Eastern District of Kentucky, via darknet marketplaces. The Defendant received payment for these sales in cryptocurrencies, including bitcoin and Monero. He likewise worked with co-conspirators to sell the counterfeit alprazolam pills directly to others via offline channels (i.e., not through darknet marketplaces).

(e) On or about October 31, 2022 and November 15, 2022 and in furtherance of this conspiracy, the Defendant, working with his co-conspirators, sold and shipped counterfeit alprazolam pills to Laurel County in the Eastern District of Kentucky.

5. The statutory punishment for Count 1 is imprisonment for not more than 5 years, a fine of not more than $250,000, and a term of supervised release of not more than 3 years. The statutory punishment for Count 2 is imprisonment for not more than 10 years, a fine of not more than $250,000, and a term of supervised release of not more than 3 years. A mandatory special assessment of $100 per count of conviction applies, and the Defendant will pay this assessment to the U.S. District Court Clerk at the time of the entry of the plea.

6. Pursuant to Rule 11(c)(1)(B), the United States and the Defendant recommend the following sentencing guidelines calculations, and they may object to or argue in favor of other calculations. This recommendation does not bind the Court.

(a) The 2021 United States Sentencing Guidelines (U.S.S.G.) Manual (Nov. 2021) will determine the Defendant's guidelines range.

(b) Pursuant to U.S.S.G. §§ 2N2.1(c)(1) and 2B1.1(a)(2), the base offense level is 6 because the offense involved fraud.

(c) Pursuant to U.S.S.G. § 3E1.1 and unless the Defendant commits another crime, obstructs justice, or violates a court order, decrease the offense level by 2 levels for the Defendant's acceptance of responsibility. If the offense level determined prior to this 2-level decrease is level 16 or greater, the United States will move at sentencing to decrease the offense level by 1 additional level based on the Defendant's timely notice of intent to plead guilty.

7. The United States reserves the right to argue that the loss amount under U.S.S.G. § 2B1.1 shall include the amount paid for the counterfeit alprazolam pills, with no credit provided for the value of the pills. The Defense reserves the right to argue to the contrary for various reasons, including, but not limited to, the argument that the loss amount under U.S.S.G. § 2B1.1 shall be based on the fair market value of the generic alprazolam that was copied.

8. No agreement exists about the Defendant's criminal history category pursuant to U.S.S.G. Chapter 4.

9. The Defendant will not file a motion for a decrease in the offense level based on a mitigating role pursuant to U.S.S.G. § 3B1.2 or a departure motion pursuant to U.S.S.G. Chapter 5, Parts H or K.

10. The Defendant waives the right to appeal the guilty plea and conviction. Except for claims of ineffective assistance of counsel, the Defendant also waives the right to attack collaterally the guilty plea, conviction, and sentence.

11. The Defendant consents to the forfeiture to the United States, by administrative or judicial proceedings, of all right, title, and interest the vehicle, currency, cryptocurrency,

and personal property identified in the forfeiture allegation of the Information. The Defendant also agrees to remit $186,100.00 to the United States as cash in lieu of the forfeiture of the real property identified in the forfeiture allegation of the Information. If this payment is not made by the date of the Defendant's sentencing, then the Defendant consents to the forfeiture to the United States of all right, title, and interest in the real property identified in the forfeiture allegation of the Information. The Defendant agrees that this property is subject to forfeiture pursuant to 18 U.S.C. §§ 982(a)(7) and 981(a)(1)(C) and 28 U.S.C. § 2461 as the United States can prove that a nexus exists between the property and the violations of 21 U.S.C. § 331 and 18 U.S.C. § 371 to which he is pleading guilty. The Defendant also consents to the imposition of a forfeiture money judgment in the amount of proceeds that he obtained as a result of the violations to which he is pleading guilty, which amount shall be determined by the Court at or before sentencing. The Defendant consents to the entry of any orders necessary for the forfeiture and agrees to take any steps necessary to assist the government in effectuating the surrender and forfeiture of the property identified herein, including but not limited to executing any documents necessary for the surrender and transfer of title to the property to the United States. The Defendant agrees not to file a claim or petition seeking remission or otherwise contesting the forfeiture of the property identified herein in any administrative or judicial proceeding, or to assist any other person or entity with doing so, and agrees to withdraw, and hereby withdraws, any such claim or petition that he already has submitted. If the Defendant fails to surrender and forfeit the property identified for forfeiture herein or fails

to pay in full the forfeiture money judgment, he consents to the forfeiture of any other property of his up to the amount of the value of the property identified for forfeiture and/or up to the amount of the forfeiture money judgment, pursuant to 21 U.S.C. § 853(p), and further agrees that the conditions of 21 U.S.C. § 853(p)(1)(A)-(E) have been met. The Defendant voluntarily and knowingly waives all provisions in Rule 32 pertaining to notice and/or the timing of forfeiture orders. The Defendant also waives his right, if any, to a jury trial on forfeiture and all constitutional, legal, or equitable defenses to forfeiture. The Defendant agrees that this forfeiture is separate and distinct from any restitution, fine, or penalty ordered by the Court and shall survive bankruptcy.

12. The Defendant agrees to cooperate fully with the United States Attorney's Office by making a full and complete financial disclosure. Within 30 days of pleading guilty, the Defendant agrees to complete and sign a financial disclosure statement or affidavit disclosing all assets in which the Defendant has any interest or over which the Defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party, and disclosing any transfer of assets that has taken place within three years preceding the entry of this plea agreement. The Defendant will submit to an examination under oath. The Defendant will not encumber, transfer, or dispose of any monies, property, or assets under the Defendant's custody or control without written approval from the United States Attorney's Office. If the Defendant fails to comply with any of the provisions of this paragraph, the United States, in its discretion, may refrain from moving the Court pursuant to U.S.S.G. § 3E1.1(b) to reduce the offense level by one

additional level, and may argue that the Defendant should not receive a two-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a).

13. The Defendant understands and agrees that, pursuant to 18 U.S.C. § 3613, whatever monetary penalties are imposed by the Court will be due and payable immediately and subject to immediate enforcement by the United States. If the Court imposes a schedule of payments, the Defendant agrees that it is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment. The Defendant waives any requirement for demand of payment on any fine, restitution, or assessment imposed by the Court and agrees that any unpaid obligations will be submitted to the United States Treasury for offset. The Defendant authorizes the U.S. District Court to release funds posted as security for the Defendant's appearance bond in this case, if any, to be applied to satisfy the Defendant's financial obligations contained in the judgment of the Court.

14. If the Defendant violates any part of this Agreement, the United States may void this Agreement and seek an indictment for any violations of federal laws, and the Defendant waives any right to challenge the initiation of additional federal charges.

15. This document contains the complete and only Plea Agreement between the United States Attorney for the Eastern District of Kentucky and the Defendant. The United States has not made any other promises to the Defendant.

16. This Agreement does not bind the United States Attorney's Offices in other districts, or any other federal, state, or local prosecuting authorities.

17. The Defendant and the Defendant's attorney acknowledge that the Defendant understands this Agreement, that the Defendant's attorney has fully explained this Agreement to the Defendant, and that the Defendant's entry into this Agreement is voluntary.

CARLTON S. SHIER, IV
UNITED STATES ATTORNEY

Date: 11/3/2023          By: _____
                              Gregory Rosenberg
                              Assistant United States Attorney


Date: 11/3/23             _____
                              Omar Thomas Wala
                              Defendant


Date: 3/N2V23             _____
                              Paul D. Petruzzi
                              Attorney for Defendant