UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

CRIMINAL CASE NO. 23-cr-00059-REW

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| Plaintiff, | : |
| V. | : |
| OMAR THOMAS WALA, ET AL., | : |
| Defendants. | : |

**DEFENDANTS' RESPONSE TO THE COURT'S ORDER (DE-81) REGARDING JURISDICTION AND THE UNITED STATES' NOTICE OF FORFEITURE (DE 56)**

Defendants, Omar T. Wala ("Mr. Wala"), and Michael Basalyga ("Mr. Basalyga,"), through undersigned counsel, file this response to the Court's order (DE 81) with respect to forfeiture in this cause as well as the United States' Notice of Forfeiture itself. Defendants are withdrawing DEs 63 and 64 and instead give in this response an explanation regarding the jurisdictional issues with forfeiture as presently pleaded, as necessitated by the Government's admission that the statutory authority charged in the Information in this case to support the forfeiture of proceeds and substitute assets is legally insufficient. (DE 73, 74). Stated simply, and as the Government now concedes, the forfeiture allegations of the Information do not provide this Court with the jurisdiction to forfeit everything the Government seeks. The government now seeks to expand their forfeiture authority to include 21 U.S.C. §§ 334. The plea agreement was drafted by the government. Neither Mr. Wala or Mr. Basalyga agree to any expansion of the plea agreement. Accordingly, the Defendants provide this Court with this response and authority regarding this jurisdictional deficiency and do not agree to any forfeiture under this subsection.

## INTRODUCTION

The Defendants were Indicted on December 1, 2022, on alleged violations of 18 U.S.C. §2320(a)(4). *See* Case No. 22-cr-00073 (EDKY) (DE 1). On November 3, 2023, Defendants were charged, via the Information, in the instant case with violations of 18 U.S.C. § 371 and 21 U.S.C. §§ 331(i) and 333(b)(8). (Doc. 12.) The Information seeks forfeiture under 18 U.S.C. § 982(a)(7), 981(a)(1)(C) and 28 U.S.C. § 2461. (*Id.*) That same day, Defendants entered a guilty plea on Counts 1 and 2 of the Information. (DE 17, DE 23). At the time, the Government did not advise the Magistrate that it lacked the statutory authority in the Information to forfeit what it was seeking. Lacking this information, the Magistrate recommended that the pleas be accepted, and this Court did so. (DE 32). Months later, the United States filed its Notice Regarding Money Judgment, seeking a money judgment in the amount of the alleged gross proceeds obtained based on violations under 18 U.S.C. § 371 and 21 U.S.C. §§ 331(i) and 333(b)(8) (the "Notice") (Doc. 56). The Government now concedes that the "forfeiture authority" charged in the Information "should have" been something else to obtain the forfeiture it seeks and that the Court lacks the subject matter jurisdiction to do so.

## APPLICABLE LAW

Criminal forfeiture is a creature of statute and the reach of any such statute depends on its specific language. By way of example, 21 U.S.C § 853 contains a substantive forfeiture scheme which attaches only to controlled substance violations. *See* 21 U.S.C. § 853(a)(1) ("Any person convicted of a violation of this subchapter or subchapter II punishable by imprisonment for more than one year shall forfeit to the United States, irrespective of any provision of State law— (1) any property constituting, or derived from, any proceeds the person obtained, directly or indirectly, as

2

the result of such violation." Even this forfeiture statute's broad ambit—allowing tracing of proceeds and, at § 853(p), forfeiture of substitute assets—only applies to violations of subchapter I or II of 21 U.S. Code Chapter 13. These subchapters encompass criminal violations of 21 U.S.C. §§ 801–904 and §§ 951–971. The Defendants, by contrast, are not charged with controlled substance violations.

### A. The Information Does Not Cite Proper Legal Authority for Forfeiture

The Government now concedes that the Information and plea agreement erroneously invoke the forfeiture provisions of 18 U.S.C. § 982(a)(7) and related authority (DE 73,74). This statute states that "the Court, in imposing sentence on a person convicted of *a Federal health care offense*, shall order the person to forfeit property, real or personal, that constitutes or is derived directly or indirectly, from the gross process traceable to the commission of the offense." However, as the Defendants are charged with 21 U.S.C. § 331(i), which is not a federal health care offense, this forfeiture statute is inapplicable.

A "Federal health care offense," as described in 18 U.S.C. § 24(a), has two parts. Subsection (a)(1) sets forth a list of violations of the Social Security Act that are per se federal health care offenses. Subsection (a)(2) identifies certain violations, including 21 U.S.C. § 331, which may be a federal health care offense, "if the violation or conspiracy relates to a health care benefit program." 18 U.S.C. § 24(a)(2). The statute defines the phrase "health care benefit program" as "any public or private plan or contract, affecting commerce, under which any medical benefit, item, or service is provided to any individual." *Id*. The plain language of 18 U.S.C. § 24(a)(2) requires the underlying facts of a listed crime to defraud, or at least relate to, a health care benefit program.

3

In the instant matter, the Defendants' offenses have no relationship to, impact on, or effect upon a health care benefit program. The Defendants pleaded to violations of 21 U.S.C. § 331(i) and the plea agreement makes no mention of impact to a health care benefit program. (Doc. 17.) The elements of the offense at Paragraphs (2) and (3) contain no proof that Defendants' conduct impacted a health care benefit program. *Id*. Likewise, the factual basis for Defendants' plea is devoid of any mention of a health care benefit program. *Id*. That factual statement describes strictly private transactions: the codefendants purchased pill presses, non-controlled substances, and pill binder; sold the pills utilizing private vendor sites on the dark web; and received payment by Bitcoin. *Id*. Likewise, the discovery includes no information indicating that Defendants' misconduct in any way impacted a health care benefit program. Defendants did not plead to a federal health care offense because their crimes had no impact on a health care benefit program as required.

The Information also cites 18 U.S.C. § 981(a)(1)(C) as an additional basis for the forfeiture action. However, § 981(a)(1)(C) expressly authorizes the seizure of proceeds and instrumentalities based on certain crimes listed therein. That list does not include 21 U.S.C. § 331(i). The subsection also authorizes forfeiture for any violation of a specified unlawful activity identified in 18 U.S.C. § 1956(c)(7), which links to 18 U.S.C. § 1961. Likewise, 21 U.S.C. § 331(i) is not an unlawful activity specified under either §§ 1956 or 1961. Thus, and as the government has conceded (DE 74), it has no legal authority to forfeit the funds or property of the Defendants under 18 U.S.C. § 981(a)(1)(C).

The Information also cites 28 U.S.C. § 2461 to support its forfeiture allegation. This statute addresses the procedural mechanisms by which the government may recover forfeited funds and items. 28 U.S.C. § 2461(c) applies to criminal cases. However, 28 U.S.C. § 2461 comes into

play only when "a person is charged in a criminal case with a violation of an Act of congress for which the civil or criminal forfeiture of property is authorized." 28 U.S.C. § 2431(c). Here, however, the Act under which Defendants pleaded guilty does not authorize the forfeiture of the proceeds of the crime, as explained above. Thus, forfeiture cannot proceed under 18 U.S.C. § 981(a)(1)(C). In turn, 28 U.S.C. § 2461(c) is inapplicable as alleged in the Information.

### B. Jurisdictional Constraints of Plea Agreements

In circumstances where the Government and defendant reach agreement to a term that exceeds the jurisdiction of the court, the Sixth Circuit recognizes "[p]lea agreements are contractual in nature, so we use traditional contract law principles in interpreting and enforcing them." *U.S. v. Bowman*, 634 F.3d 357, 360 (6th Cir. 2011) (internal citations omitted). But "because plea agreements' constitutional and supervisory implications raise concerns over and above those present in the traditional contract context, in interpreting such agreements we 'hold the government to a greater degree of responsibility than the defendant ... for imprecisions or ambiguities in the plea agreements.' Ambiguities in a plea agreement are therefore construed against the government, especially because the government can take steps in drafting a plea agreement to avoid imprecision." *Id*. at 360-61.

Further, "[b]efore entering a preliminary order of forfeiture, a district court "must determine what property is subject to forfeiture under the applicable statute . . . ." *U.S. v. Droganes*, 728 F.3d 580, 587 (6th Cir. 2013) (citing Fed.R.Crim.P. 32.2(b)(1)(A)). Federal "criminal forfeiture is . . . a creature of statute" and is "confined by precise contours of statutory language". *S.E.C. v. Contorinis*, 743 F.3d 296, 307 (2d Cir. 2014); Unless a forfeiture is expressly authorized by a specific statutory provision, it is unlawful. Forfeiture statutes are strictly construed. *United*

*States v. Giovanelli*, 998 F.2d 116, 119 (2d Cir. 1993) ("The forfeiture statutes give the government vast and important powers, but they must be exercised in the precise manner the statutes provide.").

"In *Bigelow v. Forrest,* 9 Wall. 339, 19 L.Ed. 696 1870), the [U.S. Supreme] Court explained that a court 'transcend[s] its jurisdiction' when it orders the forfeiture of property beyond that authorized by statute." *Libretti v. United States*, 516 U.S. 29, 55-56 (1995). As such, the provisions of the plea agreement requiring the forfeiture of proceeds traced to the offenses of conviction and forfeiture of substitute assets via a forfeiture money judgment cannot be consummated by the entry of an order of forfeiture by this Court.

In recognition of these errors, the government has amended the forfeiture allegations against other co-defendants in this matter to refer to 21 U.S.C. §§ 334 and 853(p), the forfeiture statutes that covers condemnation and criminal forfeiture in connection with convictions for selling adulterated or misbranded drugs. However, the government cannot amend the plea agreement absent consent from Mr. Wala and Mr. Basalyga, which they do not have. Therefore, the Court is without jurisdiction to consider 21 U.S.C. §§ 334 as a basis for forfeiture. Any attempts by the Government would amount to a breach of the plea agreement and should be stricken.

**C. Regardless, Defendants' Convictions are Under the Federal Food, Drug, and Cosmetic Act.**

The facts of this case put Defendants' convictions squarely within the ambit of the Federal Food, Drug, and Cosmetic Act (the "Act"). *United States v. Santisteban*, 501 F.3d 873, 881 (21 U.S.C. § 331(i) falls under the Federal Food, Drug, and Cosmetic Act). In general terms, it authorizes the government to seize and condemn by means of filing an action in a United States District Court under 21 U.S.C. § 334. The purpose of such action is to seize the misbranded drugs, which are then disposed of by the government pursuant to a decree of condemnation, and forfeit

other "equipment and things," involved in the offense (as opposed to proceeds or substitute assets). *See* 21 U.S.C. § 334(d)(1)-(3).

The Act also provides for civil penalties under 21 U.S.C. § 335(b). However, the Secretary of Health and Human Services must first determine that one or more of the conditions of 21 U.S.C. § 335(a) are met. Here, the facts of the case do not satisfy any of the criteria under Subsection 21 U.S.C. § 335(a). Thus, the government cannot pursue civil monetary penalties against Defendants. Since the facts did satisfy any of those criteria, the government must institute a separate action from or in connection with any other claim, civil or criminal, initiated by the Attorney General under this chapter to seek forfeiture. 21 U.S.C. § 335(b). No such action is pending.

Here, the Defendants sold tablets of clonazolam and etizolam**, drugs which were not controlled substances during the course of the conspiracy**, and which have no recognized medical use in the United States. (DE 17 at p. 3, DE 23 at p. 3). Thus, as stated above, the crimes of conviction are for misbranding because the Defendants stamped the pressed tablets of clonazolam and etizolam with serial codes identifying them as generic alprazolam.

In such instances, the applicable statute, 21 U.S.C. § 334, is directed at the condemnation and removal of the adulterated drugs from the marketplace pursuant to a decree of condemnation. Although certain appellate decisions have used condemnation and forfeiture interchangeably in the context of 21 U.S.C. § 334, there is no binding authority where the court has approved of the United States using 21 U.S.C. § 334 as the statutory basis for forfeiture of proceeds or substitute assets. To the contrary, 21 U.S.C. § 334 addresses the seizure and condemnation of either (i) the adulterated or misbranded items at issue or (ii) "equipment or things (other than a drug)":

> Whenever in any proceeding under this section, involving paragraph (2) of subsection (a), *the condemnation of any equipment or thing (other than a drug) is decreed, the court shall allow the claim of any claimant, to the extent of such claimant's interest, for remission or*

7

> *mitigation of such forfeiture* if such claimant proves to the satisfaction of the court (i) that he has not committed or caused to be committed any prohibited act referred to in such paragraph (2) and has no interest in any drug referred to therein, (ii) that he has an interest in such equipment or other thing as owner or lienor or otherwise, acquired by him in good faith, and (iii) that he at no time had any knowledge or reason to believe that such equipment or other thing was being or would be used in, or to facilitate, the violation of laws of the United States relating to counterfeit drugs.

21 U.S.C. § 334(d)(3) (emphasis added). In turn, paragraph 2 of subsection a provides:

> The following shall be liable to be proceeded against at any time on libel of information and condemned in any district court of the United States or United States court of a Territory within the jurisdiction of which they are found: (A) Any drug that is a counterfeit drug, (B) Any container of a counterfeit drug, (C) *Any punch, die, plate, stone, labeling, container, or other thing used or designed for use in making a counterfeit drug or drugs,* (D) Any adulterated or misbranded device, (E) Any adulterated or misbranded tobacco product, (F) Any device that is a counterfeit device, (G) Any container, packaging, or labeling of a counterfeit device, and (H) Any punch, die, plate, stone, labeling, container, or other thing used or designed for use in making a counterfeit device or devices.

21 U.S.C. § 334(a)(2) (emphasis added).

Even assuming the forfeiture allegations were properly pleaded in the information and referenced in the plea agreements, the only mention of the word "forfeiture" in 21 U.S.C. § 334, and the only reference to forfeiture procedures governing claims or remissions, is directed at such "equipment or things (other than a drug)." 21 U.S.C. § 334(a)(2). The statute sets forth procedures by which innocent owners of the "equipment or things" can contest a forfeiture of property by submitting claims and defines what facts must be shown in support of those claims or remissions. The remainder of § 334 is fundamentally different, in that it does not refer to forfeiture but "libel of information and condemnation," which is limited by definition to the adulterated or misbranded things.

8

Any reliance on some court decisions that loosely refer to condemnations of misbranded or adulterated products pursuant to 21 U.S.C. § 334 as "forfeitures" is misplaced. Confiscation of tainted foods or drugs is simply not a civil forfeiture as defined by statute. In none of the decisions cited by the court below including, *United States v. Eight Unlabeled Cases, more or less, of an Article of Cosmetics*, 888 F.2d 945 (2d Cir. 1989), *Lee v. Thornton*, 538 F.2d 27 (2d Cir. 1976), and *United States v. 52 Drums Maple Syrup*, 110 F.2d 914 (2d Cr. 1940), did the court hold that Section 334 is a civil forfeiture statute as defined in Section 983. On the other hand, courts have affirmed that the laws excluded by Section 983(i) are not "civil forfeiture" statutes at all. *See United States v. Davis*, 648 F.3d 84, 94 (2d Cir. 2011) (referring to the "customs carve-out" in Section 983(i)(2)(A)).

Congress also chose to leave out of 21 U.S.C. § 334 any provision that allows for the forfeiture of proceeds traceable to selling adulterated or misbranded drugs. As a result, the maximum the United States can receive by way of a lawful forfeiture herein is the equipment and things used to create the pills and the condemnation and disposition of the pills themselves. The Defendants have agreed to lawful forfeiture by way of their plea agreements.

## CONCLUSION

Defendants object to the application of forfeiture provisions for which there is no subject matter jurisdiction. Forfeiture in this matter as alleged in the information and set forth in the plea agreement is improper. Even under 21 U.S.C. § 334, which the Government has since recognized is the proper forfeiture statute for violations of 21 U.S.C. § 331, forfeitures are limited to all equipment and other things used in making the pills and an order condemning the pills themselves.

WHEREFORE, Defendants respectfully provide this response to the court.

Respectfully submitted,

*s/ Eric Rudenberg*

    Eric Rudenberg
Rudenberg & Glasser, P.A.
111 SW 6th Street
Ft. Lauderdale, FL 33301
*Counsel for Defendant Basalyga*

Paul D. Petruzzi
Law Offices of Paul D. Petruzzi, P.A.
8101 Biscayne Blvd., PH 701
Miami, FL33138
*Counsel for Defendant Wala*

Michael H. Glasser
Rudenberg & Glasser, P.A.
111 SW 6th Street
Ft. Lauderdale, FL 33301
*Counsel for Defendant Basalyga*

Gennaro Cariglio, Jr, Esq.
8101 Biscayne Boulevard, PH-701
Miami, FL 33138
*Counsel for Defendant Basalyga*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 21, 2024, a true and correct copy of the foregoing was furnished via CM/ECF to all counsel of record.

By:   <u>s/ Eric Rudenberg</u>
       **ERIC RUDENBERG, ESQ.**
       Counsel for Defendant Basalyga